UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────

SHANE R.,[1]

                                  Plaintiff,            Case # 23-CV-1188-FPG

v.                                                            DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                Defendant.
───────────────────────────────────

## INTRODUCTION

Plaintiff Shane R. brings this action pursuant to the Social Security Act seeking review of the final decision of the Commissioner of Social Security that denied his application for Supplemental Security Income ("SSI") benefits under Title XVI of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 6, 10. For the reasons that follow, Plaintiff's Motion for Judgment on the Pleadings is GRANTED, the Commissioner's Motion for Judgment on the Pleadings is DENIED, and this matter is REMANDED for further proceedings.

## BACKGROUND

In November 2020, Plaintiff applied for SSI with the Social Security Administration ("the SSA"). Tr.[2] 223-32. Plaintiff alleged disability since July 2018 due to several physical impairments. Tr. 102-03, 224. In February 2021, the claim was denied, then denied again upon reconsideration in July 2021. Tr. 131, 142. In August 2021, Plaintiff requested a hearing, which

---

[1] Under this District's Standing Order, any non-government party must be referenced solely by first name and last initial.

[2] "Tr." refers to the administrative record in this matter. ECF No. 5.

1

was granted and held in June 2022. Tr. 36-62, 150. In November 2022, Administrative Law Judge Bryce Baird ("the ALJ") issued a decision determining that Plaintiff was not disabled. Tr. 15-35. In September 2022, the Appeals Council denied Plaintiff's request for review. Tr. 1-7. This action seeks review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

### II. Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At Step One, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 416.920(b). If so, the claimant is not disabled. If not, the

2

ALJ proceeds to Step Two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* § 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to Step Three.

At Step Three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 416.920(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, *id.* § 416.909, the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id.* § 416.920(e)-(f).

The ALJ then proceeds to Step Four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. *Id.* § 416.920(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* § 416.920(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 416.960(c).

# DISCUSSION

## I. The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits under the process described above. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the period from November 2020, the application date. Tr. 20. At step two, the ALJ found that Plaintiff had severe impairments of status post two left ankle fracture repairs; chronic obstructive pulmonary disease ("COPD"); arthritis; and history of tibia, fibula and femur fractures, with left knee degenerative joint disease. Tr. 20. The ALJ further found that Plaintiff's gastroesophageal reflux disease ("GERD"), hypertension, hyperlipidemia, cardiac condition, and obesity were non-severe, and that his bilateral shoulder pain, and neck pain were not medically determinable impairments. Tr. 20-21. At step three, the ALJ found that these impairments did not meet or medically equal any Listings impairment. Tr. 22.

Next, the ALJ determined that Plaintiff had the RFC to perform sedentary work with non-exertional, environmental, and mental limitations. Tr. 22-23. At step four, the ALJ determined that Plaintiff had no past relevant work. Tr. 30. At step five, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed. Tr. 30-31. Accordingly, the ALJ found that Plaintiff was not disabled since November 2020. Tr. 31.

## II. Analysis

Plaintiff asserts that remand is warranted because (1) the ALJ failed to reconcile his RFC finding with the opinion of Dr. Hongbiao Liu, which identified mild-to-moderate limitations for prolonged sitting, and failed to explain the inconsistency; and (2) the ALJ failed to adequately

4

evaluate the disability-supporting opinion of Dr. Renata Anand. ECF No. 6-1 at 6; Tr. 435. Because the Court agrees with Plaintiff's first argument, it declines to address the second.

Plaintiff argues that the ALJ's conclusion was inconsistent with Dr. Liu's opinion and failed to explain the inconsistency. Tr. 23. The Commissioner responds that the ALJ adequately explained his RFC determination. ECF No. 10-1 at 9.

An ALJ's RFC conclusion "need not perfectly match any single medical opinion in the record, so long as it is supported by substantial evidence." *Schillo v. Kijakazi*, 31 F.4th 64, 78 (2d Cir. 2022). Instead, the ALJ is "entitled to weigh all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) (summary order). The RFC finding is "administrative in nature, not medical, and its determination is within the province of the ALJ." *Curry v. Comm'r of Soc. Sec.*, 855 F. App'x 46, 48 n.3 (2d Cir. 2021) (summary order).

Nevertheless, it is well-settled that an ALJ's reasoning "must be sufficiently discernible as to allow a reviewing court to ensure that the ALJ employed the proper standards and rendered a decision supported by substantial evidence." *Moss v. Comm'r of Soc. Sec.*, No. 18-CV-365, 2020 WL 896561, at *3 (W.D.N.Y. Feb. 25, 2020). If the ALJ does not explicitly articulate, or a reviewing court cannot otherwise discern, how the ALJ arrived at particular restrictions, it raises the specter that the ALJ either cherry-picked the evidence to justify a pre-ordained conclusion, or interpreted the medical evidence based on his own lay judgment—both of which constitute error. *See, e.g.*, *Younes v. Colvin*, No. 14-CV-170, 2015 WL 1524417, at *8 (N.D.N.Y. Apr. 2, 2015) ("Reviewing courts decry administrative 'cherry picking' of relevant evidence."). Put simply, the ALJ must tether the restrictions in the RFC to competent evidence and must provide a sufficient explanation to ensure "meaningful judicial review." *Moss*, 2020 WL 896561, at *3.

Generally, an ALJ must "reconcile discrepancies between [his] RFC assessment and medical source statements." *Dioguardi v. Comm'r of Soc. Sec.*, 445 F. Supp. 2d 288, 297 (W.D.N.Y. 2006). While an "ALJ is not obligated to reconcile explicitly every conflicting shred of medical testimony, he cannot simply selectively choose evidence in the record that support his conclusions." *Id.* (quoting another source). Rather, when the RFC conflicts with a medical opinion, an ALJ must "explain why the opinion was not adopted." *Id.* (quoting another source).

Here, the ALJ failed to reconcile the opinion of Dr. Liu with the RFC. Dr. Liu opined that Plaintiff had mild-to-moderate limitations for prolonged sitting, bending, kneeling, squatting, stair climbing, carrying heavy weights, and standing. Tr. 435. The ALJ found Dr. Liu's opinion, including the limitation on sitting, "persuasive" and consistent with the medical record. Tr. 29. Despite this, and without further explanation, the ALJ concluded that Plaintiff had "no limitation for sitting." *Id*. It is not clear if this inconsistency was intentional or an oversight, but regardless the ALJ did not explain why he rejected a portion of Dr. Liu's analysis that the ALJ otherwise explicitly stated was persuasive.

The Commissioner responds that there is no inconsistency between Dr. Liu's opinion and that of the ALJ. In citing to Dr. Liu's opinion, the Commissioner argues, the ALJ agreed with the conclusion that Plaintiff suffered from a "mild to moderate" limitation, but nevertheless found that Plaintiff could still perform light work. ECF No. 10-1 at 14. But this ignores the crux of Plaintiff's issue: that the ALJ at one point adopts Dr. Liu's finding of a mild to moderate limitation to sitting as persuasive, and yet elsewhere claims there is "no limitation." Tr. 29. The Commissioner's explanation does not address this inconsistency, and the Court is unable to glean from the ALJ's opinion whether or how Plaintiff's ability to sit was limited or how that would affect the RFC. Because the Court is unable to meaningfully review the ALJ's evaluation of Dr. Liu's opinion, it

6

is appropriate to remand so this ambiguity might be addressed. *See Perkins v. Berryhill*, No. 17-CV-6327, 2018 WL 3372964, at *4 (W.D.N.Y. 2018) ("Without reliance on a medical source's opinion or a function-by-function assessment connecting the medical evidence to the RFC, the ALJ's decision leaves the Court with many unanswered questions and does not afford an adequate basis for meaningful judicial review.").

## CONCLUSION

For all of the reasons stated, Plaintiff's Motion for Judgment on the Pleadings (ECF No. 6) is GRANTED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 10) is DENIED, and the matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: March 19, 2025
      Rochester, New York

                                    HON. FRANK P. GERACI, JR.
                                    United States District Judge
                                    Western District of New York